ESSEX COUNTY COURT OF COMMON PLEAS.

CATHERINE HAMILTON, PETITIONER-APPELLEE, v. CONGOLEUM NAIRN, INCORPORATED, RESPONDENT-APPELLANT.

For the petitioner-appellee, *Samuel Greenstone.*

FLANNAGAN, J. This is an appeal from the workmen's compensation bureau awarding compensation to the petitioner for the death of her husband, William Hamilton.

The decedent, while discharging the duties of his employ fell from a scaffold, broke his leg, and sustained injuries to his head. These injuries were not of such a character as alone to produce death. The deceased died about eight months after these injuries were received and it is contended that these injuries accelerated and brought to a fatal and final stage a previous condition of syphilis and were thus the cause of his death.

The proceedings on the part of the petitioner were undoubtedly tainted with fraud in which she persisted until it was obvious that her program could not be successfully carried further. Her purpose was to conceal the previous symptoms of advanced syphilis which had been manifested by her husband in a marked degree before the accident, testifying that he was in good health, was cleanly and had no trouble with his bowel movements or mental condition prior to that time. She swore that the physician, Dr. Foster, who had attended him for syphilis years before the accident had never attended

him at all except for some stomach disturbance. Being forced on cross-examination to admit that her testimony was perjured she adopted the contention above indicated.

The deceased had been a sufferer from syphilis for eight or ten years before the accident. He had never received any intensive modern hospital treatment. The disease is fatal in ordinary cases in from eight to ten years. Though going about his daily work the deceased had reached an advanced stage of the disease. He had already had several strokes or epileptic seizures, he dragged his leg when he walked, had so far lost control of his organs that he urinated and deficated involuntarily in his clothes on the street and elsewhere, and manifested other symptoms.

The petitioner claims to have shown by a fair preponderance of the evidence that the trauma sustained at the time of deceased's fall accelerated the syphilis from which the deceased suffered, and was thus the cause of his death.

I am of the opinion that this claim is not made good. On the contrary, I am of the opinion that the petitioner's husband's disease was in the last and final stages at the time of the accident and that his death about eight months thereafter was due to the normal progress of the disease and not to the accident. The weight of testimony sustains this conclusion.

A statement of fact and determination in accordance herewith may be submitted in accordance with rule 6.